IN THE CIRCUIT COURT OF BULLOCK COUNTY, ALABAMA

| | |
|---|---|
| JOHN E. TOMPKINS, | ) |
| Plaintiff, | ) |
| v. | ) Case No.: CV-05-66 |
| ALLSTATE INSURANCE CO., | ) |
| Defendant. | ) |

## SUMMONS

This service by certified mail of this summons is initiated upon the written request of Plaintiff's attorney pursuant to the Alabama Rules of Civil Procedure.

Notice To:  ALLSTATE INSURANCE COMPANY
The Corporation Company
2000 Interstate Park Drive, Ste 204
Montgomery, Alabama 36109-5421

The Complaint which is attached to this summons is important and you must take immediate action to protect your rights. You are required to mail or hand-deliver a copy of a written Answer, either admitting or denying each allegation in the Complaint, to the lawyer for the Plaintiff(s) at the following address:

RICHARDSON LEGAL CENTER, LLC
Post Office Box 971
Hayneville, AL 36040
Phone: (334) 548-5660

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN THIRTY (30) DAYS FROM THE DATE OF DELIVERY OF THIS SUMMONS AND COMPLAINT AS EVIDENCED BY THE RETURN RECEIPT, OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT. YOU MUST ALSO FILE THE ORIGINAL OF YOUR ANSWER WITH THE CLERK OF THIS COURT WITHIN A REASONABLE TIME THEREAFTER.

_____
Clerk of Court

6/2/05
Date

A

IN THE CIRCUIT COURT OF BULLOCK COUNTY, ALABAMA

JOHN E. TOMPKINS, )
    Plaintiff, )
v. ) Case No.: CV-05-66
 )
ALLSTATE INSURANCE CO., )
and FICTITIOUS DEFENDANTS, A, B, and )
C, Being those persons, firms, corporations, )
and/or any other entity responsible for or )
which carried out the acts and/or )
omissions herein complained of with )
respect to Plaintiff, whose names or )
identities are otherwise unknown at this )
time, but which will be added )
by amendment when ascertained. )
 )
    Defendant. )

**FILED IN OFFICE**
**JUN 0 2 2005**
**CLERK-REGISTER, BULLOCK CO., ALA.**

### COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW, the Plaintiff, John E. Tompkins, by and through the undersigned attorney of record, and would show this Honorable court as follows:

### PARTIES

1. The Plaintiff is over the age of nineteen years and is a resident of Montgomery County, Alabama. Hereafter referred to as Plaintiff.

2. Defendant, Allstate Insurance Company, is a duly licensed Illinois Corporation doing business in Alabama through its agents/agencies located at various locations in Alabama including Bullock County. It is in the business of providing homeowner insurance policies to consumers of Alabama. Hereafter referred to as Defendant Allstate.

3. Defendants A, B, and C are employees and or agents of Allstate Insurance Company, doing business in Bullock County, Alabama and committed acts complained of herein and will be named and added appropriately when known.

### STATEMENT OF FACTS

4. Plaintiff purchased a Deluxe Homeowners Insurance Policy from Allstate Insurance Company to insure his residence located at 303 Kennon Street in Union Springs, Alabama.

1

5. Said Policy Number 910158214 was renewed on or about September 5, 2004 for a premium period of one (1) year to approximately September 5, 2005.

6. On or about November 3, 2004 the insured's residence at 303 Kennon Street was completely destroyed by fire.

7. The Plaintiff's property was mortgaged with Chase Home Finance LLC of Columbus OH and that Defendants did pay Chase Home Finance $78,770.95 via check number 998203914 on or about January 31, 2005.

8. The Defendants, as of the date of this complaint, has failed and/or refused to compensate the Plaintiff pursuant to all other terms of the policy.

## COUNT I
## BAD FAITH

9. Plaintiff repeats, realleges and incorporates by reference all of the preceding allegations of this Complaint, as if more fully set out herein.

10. That on or about the 3rd day of November 2004 the Plaintiff's home was totally destroyed by fire.

11. Plaintiff timely gave Defendant Allstate and Fictitious Defendants A, B, and C notice of said loss under said policy, and made a claim for benefits thereunder.

12. Defendant Allstate and Fictitious Defendants A, B, and C did pay the balance owed on the mortgage in the amount of $78,877.95 to Chase Home Finance LLC on or about January 31, 2005.

13. Defendant Allstate and Fictitious Defendants A, B, and C has failed to pay the Plaintiff the difference of the policy limits or the fair market value of the home.

14. Defendant Allstate and Fictitious Defendants A, B, and C has also refused to pay the Plaintiff for his personal items that were lost in the fire.

15. Defendant Allstate and Fictitious Defendants A, B, and C intentionally refused to pay said claim pursuant to the terms of the policy via correspondence dated January 31, 2005 and has denied the Plaintiff's claim without lawful justification.

2

16. Defendants' Allstate and Fictitious Defendants A, B, and C refusal to pay said claim was not based upon any reasonably legitimate, arguable, or debatable reason.

17. Defendant Allstate and Fictitious Defendants A, B, and C knew that there was no legitimate, arguable or debatable reason for denying the claim, when Defendant refused to pay said claim.

18. Defendant Allstate and Fictitious Defendants A, B, and C intentionally failed to investigate the claim to determine whether or not there was any lawful basis for its refusal to pay said claim.

19. Defendant Allstate and Fictitious Defendants A, B, and C claims to have determined that the cause of the fire was vandalism and malicious mischief, but no independent investigation has been conducted nor did the local Fire Chief or the State Fire Marshall deem that the fire was intentionally set.

20. Defendant Allstate and Fictitious Defendants A, B, and C acted in bad faith in refusing to pay said claim.

21. Plaintiff claims punitive damages of Defendant Allstate and Fictitious Defendants A, B, and C.

22. Because of Defendant Allstate and Fictitious Defendants A, B, and C's refusal to pay, the Plaintiff has been damaged and caused to suffer in that he has lost his home and all personal belongings and he has not been compensated pursuant to the terms of the homeowner's policy.

## COUNT II
### BREACH OF CONTRACT

23. Plaintiff repeats, realleges and incorporates by reference all of the preceding allegations of this Complaint, as if more fully set out herein.

24. That on or about September 4, 2005 Defendant Allstate and Fictitious Defendants A, B, and C renewed the Plaintiff's Homeowner's Insurance Policy which covered the Plaintiff's property at 303 Kennon Street in Union Springs, Alabama.

3

25. That Policy Number 998203914, drafted by Defendant Allstate and Fictitious Defendants A, B, and C and issued to Plaintiff, is a written contract of insurance between the Plaintiff and Defendant Allstate and Fictitious Defendants A, B, and C in which they agreed to certain stipulations and requirements of each party, i.e., Plaintiff would pay the monthly premiums and adhere to certain requirements in the event of a claim and Defendant Allstate and Fictitious Defendants A, B, and C would pay for losses pursuant to the terms of the contract/policy. A copy of the policy is herewith attached as Exhibit A.

26. Plaintiff has performed all of the stipulations, conditions, requirements, and agreements pursuant to the terms of the contract/policy.

27. Defendant Allstate and Fictitious Defendants A, B, and C has failed and refused, and still fails and refuses, to fully perform their part of the contract/policy.

28. Because of Defendant Allstate and Fictitious Defendants A, B, and C's failure to perform, the Plaintiff has been damaged and caused to suffer in that he has lost his home and all personal belongings and he has not been compensated pursuant to the terms of the homeowner's policy.

## COUNT III
## FRAUDULENT SUPPRESSION

29. Plaintiff repeats, realleges and incorporates by reference all of the preceding allegations of this Complaint, as if more fully set out herein.

30. That the Plaintiff negotiated with Defendant Allstate and Fictitious Defendants A, B, and C to purchase a homeowner's insurance policy to cover the Plaintiff's residence located at 303 Kennon Street in Union Springs, Alabama.

31. The Plaintiff did not receive a copy of the insurance policy until after the home was destroyed by fire.

32. At the time of negotiation, the Plaintiff understood that his dwelling and personal property would be covered in the event of loss. (See Policy attached as Exhibit A.)

4

JUN. 8. 2005 2:29PM 589 1970     ALLSTATE INS        NO. 6236  P. 8
Case 2:05-cv-00584-CSC    Document 1-2    Filed 06/17/2005    Page 6 of 7

33.   That Defendant Allstate and Fictitious Defendants A, B, and C was informed that the Plaintiff was in the process of selling his residence and the Plaintiff gave Defendant Allstate and Fictitious Defendants A, B, and C's a new address with which to contact him prior to the fire.

34.   At the time the Plaintiff informed Defendant Allstate and Fictitious Defendants A, B, and C of his new address, Defendant Allstate and Fictitious Defendants A, B and C had a duty to disclose that the policy excluded destruction of personal property due to vandalism or malicious mischief.

35.   That Defendant Allstate and Fictitious Defendants A, B, and C failed to inform the Plaintiff that his homeowner's policy would not cover any personal property losses if he was not occupying the home for thirty (30) consecutive days.

36.   Due to Defendant Allstate and Fictitious Defendants A, B, and C's non-disclosure of this material fact, the Plaintiff only came to the home on weekends; but if Defendant Allstate and Fictitious Defendants A, B, and C had disclosed the exclusion, the Plaintiff would have continued to maintain his residence on a daily basis at 303 Kennon Street in Union Springs.

37.   That the Plaintiff, or some other member of the Plaintiff's household, regularly visited at the residence every weekend and the residence was never unoccupied for thirty (30) consecutive days.

38.   That the Plaintiff complied with all requirements pursuant to the policy when he reported his claim.

39.   That Defendant Allstate and Fictitious Defendants A, B, and C induced the Plaintiff during his sworn statement pertaining to the loss by asking him leading questions to solicit answers about the fire that would fit their plan to deny coverage under the Vandalism and Malicious Mischief exclusion without informing him that they were going to deny his claim based upon his answers.

40.   As a proximate result of said fraudulent suppression by Defendant Allstate and Fictitious Defendants A, B, and C of the aforementioned material facts, the Plaintiff was caused to

suffer in that he has lost his home and all personal belongings and he has not been compensated pursuant to the terms of the homeowner's policy.

**WHEREFORE, PREMISES CONSIDERED,** the Plaintiff demands judgment, by a fair and impartial jury, against Defendant Allstate and Fictitious Defendants A, B, and C for compensatory damages in the amount of the $125,229.00 and punitive damages in an amount to be determined by a jury plus all costs associated with this legal action.

Respectfully submitted this 1 day of June, 2005.

JOHN E. TOMPKINS, PLAINTIFF

ARLENE M. RICHARDSON (RIC045)

**RICHARDSON LEGAL CENTER, LLC**
Post Office Box 971
Hayneville, Alabama 36040
Telephone: (334) 548-5660
Fax: (334) 548-5661

6