IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JOHN E. TOMPKINS | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| vs. | * | CASE NO. 2:05-CV-584-C |
| | * | |
| ALLSTATE INSURANCE COMPANY | * | |
| | * | |
| Defendant. | * | |

**MEMORANDUM BRIEF IN SUPPORT
OF RESPONSE TO ORDER TO SHOW CAUSE REGARDING
JOINDER OF ADDITIONAL PARTIES**

COMES NOW the Defendant, ALLSTATE INSURANCE COMPANY ("Allstate"), and submits the following Memorandum Brief in Support of its previously filed Response to Order to Show Cause Regarding Joinder of Additional Parties. Specifically, this Defendant shows unto the Court as follows:

**I. PLAINTIFF'S COMPLAINT**

The current suit was filed by John E. Tompkins on or about June 2, 2005. Plaintiff alleges numerous causes of action within this Complaint against Defendant Allstate, including bad faith, breach of contract, and fraudulent suppression as a result of Allstate denying a claim for insurance benefits relating to a fire that occurred at an insured structure located at 303 Kennon Street, Union Springs, Alabama. In Plaintiff's Motion to Join Additional Plaintiff, Plaintiff attempts to add Jane Hoehaver as an additional Plaintiff. Plaintiff alleges that Jane Hoehaver should be added as an additional Plaintiff because she was a co-owner of the property made the basis of this Complaint and shared in the loss equally with the Plaintiff.

## II. ARGUMENT

### A. HOEHAVER IS AN IMPROPER PARTY.

As this Court is well aware, Plaintiff's burden in proving a cause of action for bad faith is as follows:

(a) An insurance contract between the parties and a breach thereof by the Defendant;
(b) An intentional refusal to pay the insured's claim;
(c) The absence of any reasonable, legitimate or arguable reason for that refusal;
(d) The insurer's actual knowledge of the absence of any legitimate or arguable reason; and
(e) If the intentional failure to determine the existence of a lawful basis is relied upon, Plaintiff must prove the insurer's intentional failure to determine whether there is a legitimate or arguable reason to refuse to pay the claim.

National Security Fire and Casualty Co. v. Bowen, 417 So.2d 179, 183 (Ala. 1982).

Jane Hoehaver is **not** a named insured and is **not** a party to the contract. Thus, there exist no set of facts which would allow Ms. Hoehaver to even establish an insurance contract between herself and Allstate. Ms. Hoehaver simply cannot establish the most basic and primary element of a claim of wrongful refusal to pay policy benefits. This Defendant does not address whether Plaintiff may have some equitable right to establish a lien against any proceeds ultimately paid.

In Lowe v. American Medical Intern, 494 So. 2d 413 (Ala. 1986) the Alabama Supreme Court clearly and unequivocally found that a cause of action for the tort of bad faith was created solely for the protection of the person for whom the benefit of the insurance payments was to have been made. In Lowe, the insured died and Plaintiff, his wife, filed a claim for insurance benefits from the Defendant. The Plaintiff, the insured's wife, filed her Complaint alleging bad faith refusal to pay policy benefits. The trial court granted Summary Judgment and Plaintiff appealed. In addressing the viability of such a claim, the Alabama Supreme Court stated as follows:

> The cause of action for the tort of bad faith refusal to pay was created to protect only the person for whose benefit the insurance payments should have been made. In this case, there is not a scintilla of evidence to indicate that the insurance payments allegedly due would benefit the Plaintiff individually or that non-payment would create personal liability for her. The Plaintiff does not allege under this Count that any tortuous conduct by Provident has been directed at her personally. Therefore, under the facts of this case, the Plaintiff is not a "real party in interest" under Rule 17(a) A.R.Civ.P., since she does not possess the requisite interest in the insurance payments or the substantive right to relief so as to bring this action in her individual capacity. Consequently, the trial court was correct in granting Summary Judgment for Provident on this Count.

Id. at 414.

Similarly, in Dennis v. Magic City Dodge, Inc., 524 So. 2d 616 (Ala. 1988), the Alabama Supreme Court found that the widow of an insured under a credit life policy did **not** have standing to sue as a third-party beneficiary of the life insurance policy in question. The Court noted that the Plaintiff, Dennis, sued in her individual capacity, not as a representative of the Estate of the deceased. The question became whether Dennis had an individual right to come into Court. The Supreme Court found that she did not have an enforceable right and was not a real party in interest. Id. at 618. Consequently, she had no standing to sue and the Summary Judgment by the trial court was affirmed.

In the instant case, Ms. Hoehaver is not a named insured under the policy and has no contractual relationship with this Defendant. Thus, there is no duty which was owed by Allstate to Ms. Hoehaver. Consequently, there is no set of facts under which this Court could determine that Ms. Hoehaver has a contractual relationship, insurable interest or standing to sue for any damage arising as a result of the fire.

WHEREFORE, PREMISES CONSIDERED, this Defendant, Allstate Insurance Company, respectfully requests this Court enter an Order denying Plaintiff's Motion to add Jane Hoehaver.

Respectfully submitted,

s/ Gerald C. Brooks, Jr.
Thomas E. Bazemore, III
Gerald C. Brooks, Jr.

OF COUNSEL:
HUIE, FERNAMBUCQ, & STEWART
3 Protective Center
2801 Highway 280 South, Suite 200
Birmingham, AL  35223-2484
(205) 251-1193

**CERTIFICATE OF SERVICE**

I hereby certify that on the 11th day of October, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Arlene M. Richardson.

Arlene M. Richardson (arlawyer@htc.net)
Richardson Legal Center, LLC
P.O. Box 971
Hayneville, Alabama 36040

s/Gerald C. Brooks, Jr.
Of Counsel