IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JOHN E. TOMPKINS,  )<br>    Plaintiff, )<br>v. )<br>     )<br>ALLSTATE INSURANCE CO., )<br>     )<br>    Defendant. ) | Case No.: 2:05CV584-C |

### PLAINTIFFS' RESPONSE TO THE DEFENDANT'S OBJECTION TO THE PLAINTIFF'S JOINDER OF ADDITIONAL PARTIES

**COMES NOW,** the Plaintiffs, John E. Tompkins and Jane Hoehaver, and submits the following in response to the Defendant's objection to the Plaintiff's Motion To Join Additional Plaintiff:

### PLAINTIFF'S FIRST AMENDED COMPLAINT

The Plaintiff's First Amended Complaint is amended to add Jane Hoehaver as an additional Plaintiff and specifies, in detail, that Hoehaver is in the same legal position as John E. Tompkins in that she has been damaged and caused to suffer the loss of her home and all personal belongings as a result of the fire at 303 Kennon Street in Union Springs, Alabama on or about September 4, 2001 and she has not been compensated pursuant to the terms of the homeowner's policy.

1. **REAL PARTY IN INTEREST**

The Defendants contend that Jane Hoehaver is an improper party and set out the Plaintiffs' burden in proving a cause of action for bad faith by citing *National Security Fire and Casualty Co. v. Bowen*, 417 So.2d 179, 183 (Ala. 1982). As this Court is aware of all cited elements this Plaintiff will not waste the Court's time in repeating them; the only element cited in the Defendant's response that is pertinent to the instant response is whether or not an

Case 2:05-cv-00584-CSC     Document 18     Filed 10/25/2005     Page 2 of 5

insurance contract existed between Jane Hoehaver and Allstate. Defendant contends that Jane Hoehaver is not a named insured and is not a party to the contract and that there exist no set of facts which would allow Ms. Hoehaver to establish an insurance contract between herself and Allstate.

Plaintiffs contented that Jane Hoehaver is a real party in interest and has suffered damages as a result of the Defendant's refusal to pay the insurance claim resulting from the loss of her home at 303 Kennon Street in Union Springs, Alabama. Ms. Hoehaver was named in the Deed to the property as she was the common law wife of John E. Tompkins, she supplied the down payment for the property, she participated equally in the improvements made to the home after purchase, she made payments on the mortgage of the property, and she made payments to the Defendants for the insurance on the property. Jane Hoehaver and John E. Tompkins had been cohabiting as husband and wife for six years and purchased the home together; therefore, Jane Hoehaver should have been considered a "resident spouse" under the definitions and terms of the insurance policy.

Ms. Hoehaver is a party by definition of the Defendant's own policy which states as follows:

1. "You" or "your"—means the person named on the Policy Declarations as the insured **and that person's resident spouse**. (Emphasis added)

Allstate Insurance Company Policy Number 910158214 issued to John E. Tompkins on property located at 303 Kennon Street in Union Springs, Alabama, p.3. If the allegations in the Complaint are insufficient as to this spousal relationship, the appropriate remedy would be to allow the Plaintiff time to submit a Second Amended Complaint.

The Defendant cites *Lowe v. American Medical Intern,* 494 So.2d 413 (Ala. 1986) which states "clearly and unequivocally" that the tort of bad faith was created solely for the protection

2

of the person for whom the benefit of the insurance payments was to have been made. *Lowe* is clearly distinguishable from the instant case in that Martha Lowe was filing for health insurance benefits from a policy that was issued to her husband who was deceased at the time. Martha Lowe could not show that she would benefit from the allegedly due insurance payments. In the instant case, Allstate is insuring the property and, pursuant to policy definitions, the named person's resident spouse is covered.

The Plaintiff contends that Jane Hoehaver is a real party in interest and is in the same position as John E. Tompkins and has suffered losses equal to John E. Tompkins. Jane Hoehaver was named on the Deed for the property and had equal legal right to the property to the same extent as John E. Tompkins. Jane Hoehaver suffered losses to the extent that she lost her home, the considerable down payment she made to purchase the home, her belongings, and was left with expenses for the remodeling and repairs made to the home prior to the fire. As cohabitant of the property Ms. Hoehaver was confident that the Allstate Insurance Policy would cover any losses and was under the impression that she was insured. The Supreme Court of Alabama has stated:

> It has been accurately noted that: "The ordinary person owning an undivided interest in property, not versed in the nice distinctions of insurance law, would naturally suppose that his individual interest in the property was covered by a policy which named him without qualifications as one of the persons insured. . . ."

*Felston Hosey, Sr. v. Seibels Bruce Group, South Carolina Ins. Co., et al.*, 363 So.2d 751, 754 citing *Hoyt v. New Hampshire Fire Ins. Co.*, 92 N.H. 242, 29 A.2d 121, 123 (1942).

The Supreme Court further states in *Hosey*, "This assumption by an ordinary person is even more reasonable where, as here, he is the only named insured; Mrs. Hosey was an insured by definition." Jane Hoehaver was an insured by definition of the Defendant's own policy as John

3

E. Tompkins' common law wife and "resident spouse" and, therefore, should be considered to be entitled to all the benefits of the insurance policy coverage.

## II. PERMISSIVE JOINDER OF PARTIES

In the alternative; and in the interest of justice and judicial economy, Jane Hoehaver should be permitted to seek relief as a Plaintiff pursuant to Rule 20(a) the *Federal Rules of Civil Procedure* which states:

> All persons may join in one action as plaintiffs if they assert any right to relief jointly, severally, or in the alternative in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all these persons will arise in the action. All persons (and any vessel, cargo, or other property subject to admiralty process in rem) may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action. A plaintiff or defendant need not be interested in obtaining or defending against all the relief demanded. Judgment may be given for one or more of the plaintiffs according to their respective rights to relief, and against one or more defendants according to their respective liabilities.

Jane Hoehaver is a citizen of our United States and is privy to all rights afforded her by our Constitution. She has suffered losses covered under the same insurance policy issued by the Defendants in this instant case and; therefore, should be permitted to be joined as a party Plaintiff under Rule 20(a) of the *Federal Rules of Civil Procedure* as "Rule 20(a) permits the joinder of plaintiffs claiming against a joint, several, or alternative right to relief that arises out of the same occurrence and presents a common question of law or fact." Ms. Hoehaver meets all the criteria for joinder under the aforementioned Rule 20(a).

## III. CONCLUSION

Jane Hoehaver is a real party in interest and has suffered loss as a result of the Defendant's bad faith, breach of contract, and fraudulent suppression acts. In the interest of

justice, Ms. Hoehaver should be allowed to seek relief and should be made a party plaintiff in the instant action.

**WHEREFORE, PREMISES CONSIDERED,** the Plaintiffs, John E. Tompkins and Jane Hoehaver pray that this Honorable Court allow Ms. Hoehaver to proceed as a real party plaintiff in interest and issue an Order granting the Plaintiff's Motion to Add Additional Plaintiff.

Respectfully submitted this 20th day of October, 2005.

        s/Arlene M. Richardson,
        Arlene M. Richardson, ASB 9452I60A
        Attorney for Plaintiffs
        Richardson Legal Center LLC
        P.O. Box 971
        Hayneville, AL 36040
        (334) 548-5660
        (334) 548-5661 Fax

### CERTIFICATE OF SERVICE

I hereby certify that on the 20th day of October, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

    Thomas Edwin Bazemore, II   (teb@hfsllp.com, hha@hfsllp.com
    Gerald Clark Brooks, Jr.        (geb@hfsllp.com, mcb@hfsllp.com

I hereby certify that I have mailed by US Postal Service, postage prepaid and properly address on this 22nd day of, 2005, the foregoing document to the following non-CM/ECF participants:

**NONE**

        s/Arlene M. Richardson,
        Arlene M. Richardson, ASB 9452I60A
        Attorney for Plaintiffs
        Richardson Legal Center LLC
        P.O. Box 971
        Hayneville, AL 36040
        (334) 548-5660
        (334) 548-5661 Fax