**IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | |
|---|---|
| **JOHN E. TOMPKINS and JANE HOEHAVER,** ) | |
|     **Plaintiffs,** ) | |
| v. ) | **Case No.: 2:05CV584-C** |
| ) | |
| **ALLSTATE INSURANCE CO.,** ) | |
| ) | |
|     **Defendant.** ) | |

**AMENDED COMPLAINT
ADDING PARTY PLAINTIFF**

    **COMES NOW,** the Plaintiffs, John E. Tompkins and Jane Hoehaver, by and through their undersigned attorney of record, and would show this Honorable court as follows:

**PARTIES**

    1.    The Plaintiff, John E. Tompkins, is over the age of nineteen years and is a resident of Montgomery County, Alabama. Hereafter referred to as Plaintiff Tompkins.

    2.    The Plaintiff, Jane Hoehaver, is over the age of nineteen years and is a resident of Auburn, Alabama.  Hereafter referred to as Plaintiff Hoehaver.

    3.    Defendant, Allstate Insurance Company, is a duly licensed Illinois Corporation doing business in Alabama through its agents/agencies located at various locations in Alabama including Bullock County.  It is in the business of providing homeowner insurance policies to consumers of Alabama.  Hereafter referred to as Defendant Allstate.

    4.    Defendants A, B, and C are employees and or agents of Allstate Insurance Company, doing business in Bullock County, Alabama and committed acts complained of herein and will be named and added appropriately when known.

**STATEMENT OF FACTS**

5. On or about September 4, 2001, Plaintiffs, Tompkins and Hoehaver, purchased a home located at 303 Kennon Street in Union Springs, Alabama.

6. Plaintiffs, Tompkins and Hoehaver, purchased a Deluxe Homeowners Insurance Policy from Allstate Insurance Company to insure their residence located at 303 Kennon Street in Union Springs, Alabama.

7. Jane Hoehaver is a real party in interest, she was named in the Deed to the property, she supplied the down payment for the property, she participated equally in the improvements made to the home after purchase, she made payments on the mortgage of the property, and she made payments to the Defendants for the insurance on the property. Jane Hoehaver and John E. Tompkins had been cohabiting as husband and wife for approximately six years and purchased the home together; therefore, Jane Hoehaver is considered a "resident spouse" under the definitions and terms of the insurance policy.

8. Said policy was issued in the name of John E. Tompkins, but insurance policy covered "the insured and that person's resident spouse" which was Jane Hoehaver.

9. Said Policy Number 910158214 was renewed on or about September 5, 2004 for a premium period of one (1) year to approximately September 5, 2005.

10. On or about November 3, 2004 the insureds' residence at 303 Kennon Street was completely destroyed by fire.

12. The Plaintiffs' property was mortgaged with Chase Home Finance LLC of Columbus OH and that Defendants did pay Chase Home Finance $78,770.95 via check number 998203914 on or about January 31, 2005.

2

13. The Defendants, as of the date of this complaint, have failed and/or refused to compensate the Plaintiffs pursuant to all other terms of the policy.

## COUNT I
## BAD FAITH

14. Plaintiffs repeat, reallege, and incorporate by reference all of the preceding allegations of this Complaint, as if more fully set out herein.

15. That on or about the 3rd day of November 2004 the Plaintiffs' home was totally destroyed by fire.

16. Plaintiffs timely gave Defendant Allstate and Fictitious Defendants A, B, and C notice of said loss under said policy, and made a claim for benefits thereunder.

17. Defendant Allstate and Fictitious Defendants A, B, and C did pay the balance owed on the mortgage in the amount of $78,877.95 to Chase Home Finance LLC on or about January 31, 2005.

18. Defendant Allstate and Fictitious Defendants A, B, and C has failed to pay the Plaintiffs the difference of the policy limits or the fair market value of the home.

19. Defendant Allstate and Fictitious Defendants A, B, and C has also refused to pay the Plaintiffs for their personal items that were lost in the fire.

20. Defendant Allstate and Fictitious Defendants A, B, and C intentionally refused to pay said claim pursuant to the terms of the policy via correspondence dated January 31, 2005 and has denied the Plaintiffs' claim without lawful justification.

21. Defendants' Allstate and Fictitious Defendants A, B, and C refusal to pay said claim was not based upon any reasonably legitimate, arguable, or debatable reason.

3

22. Defendant Allstate and Fictitious Defendants A, B, and C knew that there was no legitimate, arguable or debatable reason for denying the claim, when Defendant refused to pay said claim.

23. Defendant Allstate and Fictitious Defendants A, B, and C intentionally failed to investigate the claim to determine whether or not there was any lawful basis for its refusal to pay said claim.

24. Defendant Allstate and Fictitious Defendants A, B, and C claims to have determined that the cause of the fire was vandalism and malicious mischief, but no independent investigation has been conducted nor did the local Fire Chief or the State Fire Marshall deem that the fire was intentionally set.

25. Defendant Allstate and Fictitious Defendants A, B, and C acted in bad faith in refusing to pay said claim.

26. Plaintiffs claim punitive damages of Defendant Allstate and Fictitious Defendants A, B, and C.

27. Because of Defendant Allstate and Fictitious Defendants A, B, and C's refusal to pay, the Plaintiffs; John E. Tompkins and Jane Hoehaver, as "resident spouse", have been damaged and caused to suffer in that they have lost their home and all personal belongings and they have not been compensated pursuant to the terms of the homeowner's policy.

## COUNT I I
### BREACH OF CONTRACT

28. Plaintiffs repeat, reallege, and incorporate by reference all of the preceding allegations of this Complaint, as if more fully set out herein.

29.     That on or about September 4, 2005 Defendant Allstate and Fictitious Defendants A, B, and C renewed the Plaintiffs' Homeowner's Insurance Policy which covered the Plaintiffs' property at 303 Kennon Street in Union Springs, Alabama.

30.     That Policy Number 998203914, drafted by Defendant Allstate and Fictitious Defendants A, B, and C and issued to Plaintiffs, is a written contract of insurance between the Plaintiffs and Defendant Allstate and Fictitious Defendants A, B, and C in which they agreed to certain stipulations and requirements of each party, i.e., Plaintiffs would pay the monthly premiums and adhere to certain requirements in the event of a claim and Defendant Allstate and Fictitious Defendants A, B, and C would pay for losses pursuant to the terms of the contract/policy. A copy of the policy is herewith attached as Exhibit A.

31.     Plaintiffs have performed all of the stipulations, conditions, requirements, and agreements pursuant to the terms of the contract/policy.

32.     Defendant Allstate and Fictitious Defendants A, B, and C have failed and refused, and still fails and refuses, to fully perform their part of the contract/policy.

33.     Because of Defendant Allstate and Fictitious Defendants A, B, and C's failure to perform, the Plaintiffs; John E. Tompkins and Jane Hoehaver, as "resident spouse", have been damaged and caused to suffer in that they have lost their home and all personal belongings and they have not been compensated pursuant to the terms of the homeowner's policy.

### COUNT III
### FRAUDULENT SUPPRESSION

34.     Plaintiffs repeat, reallege, and incorporate by reference all of the preceding allegations of this Complaint, as if more fully set out herein.

35. That the Plaintiffs negotiated with Defendant Allstate and Fictitious Defendants A, B, and C to purchase a homeowner's insurance policy to cover the Plaintiffs' residence located at 303 Kennon Street in Union Springs, Alabama.

36. The Plaintiffs did not receive a copy of the insurance policy until after the home was destroyed by fire.

37. At the time of negotiation, the Plaintiffs understood that their dwelling and personal property would be covered in the event of loss. (See Policy attached as Exhibit A.)

38. That Defendant Allstate and Fictitious Defendants A, B, and C was informed that the Plaintiffs were in the process of selling their residence and the Plaintiffs gave Defendant Allstate and Fictitious Defendants A, B, and C's a new address with which to contact them prior to the fire.

39. At the time the Plaintiffs informed Defendant Allstate and Fictitious Defendants A, B, and C of their new address, Defendant Allstate and Fictitious Defendants A, B, and C had a duty to disclose that the policy excluded destruction of personal property due to vandalism or malicious mischief.

40. That Defendant Allstate and Fictitious Defendants A, B, and C failed to inform the Plaintiffs that their homeowner's policy would not cover any personal property losses if they were not occupying the home for thirty (30) consecutive days.

41. Due to Defendant Allstate and Fictitious Defendants A, B, and C's non-disclosure of this material fact, the Plaintiffs only came to the home on weekends; but if Defendant Allstate and Fictitious Defendants A, B, and C had disclosed the exclusion, the Plaintiffs would have continued to maintain their residence on a daily basis at 303 Kennon Street in Union Springs.

42. That the Plaintiffs, or some other member of the Plaintiffs' household, regularly visited at the residence every weekend and the residence was never unoccupied for thirty (30) consecutive days.

43. That the Plaintiffs complied with all requirements pursuant to the policy when they reported their claim.

44. That Defendant Allstate and Fictitious Defendants A, B, and C induced the Plaintiff Tompkins during his sworn statement pertaining to the loss by asking him leading questions to solicit answers about the fire that would fit their plan to deny coverage under the Vandalism and Malicious Mischief exclusion without informing him that they were going to deny his claim based upon his answers.

45. As a proximate result of said fraudulent suppression by Defendant Allstate and Fictitious Defendants A, B, and C of the aforementioned material facts, the Plaintiffs; John E. Tompkins and Jane Hoehaver, as "resident spouse", were caused to suffer in that they have lost their home and all personal belongings and they have not been compensated pursuant to the terms of the homeowner's policy.

**WHEREFORE, PREMISES CONSIDERED,** the Plaintiffs demand judgment, by a fair and impartial jury, against Defendant Allstate and Fictitious Defendants A, B, and C for compensatory damages in the amount of the $125,229.00 and punitive damages in an amount to be determined by a jury plus all costs associated with this legal action.

Respectfully submitted this 31st day of October 2005.

    s/Arlene M. Richardson,
    Arlene M. Richardson, ASB 9452I60A
    Attorney for Plaintiffs
    Richardson Legal Center LLC
    P.O. Box 971
    Hayneville, AL 36040

(334) 548-5660
(334) 548-5661 Fax

## CERTIFICATE OF SERVICE

I hereby certify that on the 22nd day of September, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Thomas Edwin Bazemore, II  (teb@hfsllp.com, hha@hfsllp.com
Gerald Clark Brooks, Jr.    (geb@hfsllp.com, mcb@hfsllp.com

I hereby certify that I have mailed by US Postal Service, postage prepaid and properly address on this 31st day of October, 2005, the foregoing document to the following non-CM/ECF participants:
**NONE**

s/Arlene M. Richardson,
Arlene M. Richardson, ASB 9452I60A
Attorney for Plaintiffs
Richardson Legal Center LLC
P.O. Box 971
Hayneville, AL 36040
(334) 548-5660
(334) 548-5661 Fax